UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

HOWARD COHAN,

    Plaintiff,

vs.                                          INJUNCTIVE RELIEF SOUGHT

SUNFLOWER HOSPITALITY
AT KENDALL, LLC,
d/b/a TOWNEPLACE SUITES
MIAMI KENDALL WEST,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues SUNFLOWER HOSPITALITY AT KENDALL, LLC d/b/a TOWNEPLACE SUITES MIAMI KENDALL WEST ("Defendant"), for declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 for Plaintiff's claims arising under Title 42 U.S.C. §12182 et. seq., based on Defendant's violations of Title III of the ADA. *See also* 28 U.S.C. §§2201 and 2202 as well as the 2010 ADA Standards.

1

2. Venue is proper in this Court, Miami Division, pursuant to 28 U.S.C. §1391(B) and the Internal Operating Procedures for the United States District Court for the Southern District of Florida in that all events giving rise to the lawsuit occurred in Miami-Dade County, Florida.

**PARTIES**

3. Plaintiff, HOWARD COHAN is a resident of the state of Florida residing in Palm Beach County, Florida, and is otherwise *sui juris*.

4. Upon information and belief, Defendant is the lessee, operator, owner and/or lessor of the Real Property, which is subject to this lawsuit, and is located at 9055 SW 162nd Avenue W, Miami, Florida 33196 ("Premises") and is the owner of the improvements where the Premises is located.

5. The Premises is a place of public accommodation.

6. Defendant is authorized to conduct, and is in fact conducting, business within the state of Florida.

7. Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb. As a result of these medical conditions, Plaintiff suffers body weakness, mobility limitations, abnormal gate, and abnormal balance. Additionally, his ability to lift, reach, bend, stretch, and twist are all substantially restricted.

8. At the time of Plaintiff's visit to the Premises on July 12, 2024 (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA and required

the use of a handicap parking space and the use of other means of accessibility for persons with disabilities. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods and amenities within the Premises, even though he was a "bona fide patron".

9. Plaintiff, in his individual capacity, will absolutely return to the Premises in the near future and avail himself to the services offered at the Premises when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.

10. Plaintiff is continuously aware of the violations at Defendant's Premises and is aware that it would be a futile gesture to return to the Premises as long as those violations exist, and Plaintiff is not willing to suffer additional discrimination.

11. Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA.

12. Plaintiff would like to be able to be a patron of the Premises in the near future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discrimination against persons with physical disabilities.

13. Completely independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff

personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers of access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the Premises in the near future to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.  Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein.  It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

14. Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA.

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

15. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 14 above as if fully stated herein.

16. On July 26, 1990, Congress enacted the ADA, 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992, or

January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. §12182; *see also* 28 C.F.R. §36.508(a).

17. Congress found, among other things, that:

    a. some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

    b. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

    c. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

    d. individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, benefits, or other opportunities; and

    e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1)-(3),(5) and (9).

18. Congress explicitly stated that the purpose of the ADA was to:

   a. provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

   b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

   c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

19. Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendant's Premises is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith.

20. Defendant has discriminated, and continues to discriminate against Plaintiff and others who are similarly situated by denying access to and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

21. Plaintiff has visited the Premises and has been denied full and safe equal access to the facilities, and therefore suffered an injury in fact.

22. Defendant's policies, practices, procedures and/or lack of training its staff to efficiently and effectively identify and reasonably modify its services creates an environment

where individuals with disabilities are not provided goods and services in the most integrated way possible.

23. Plaintiff will return to the Premises in the near future and enjoy the goods, services, facilities, privileges, advantages and/or accommodations at the Premises on a planned, or a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendant's failure and refusal to provide persons with disabilities with full and equal access to its facilities at the Premises. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 CFR §36 and its successor the 2010 ADA Accessibility Guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for each subsequent violation.[1]

25. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 ADA Standards et. seq., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violation found in the Passenger Drop-Off Area:

   a. Failing to provide a passenger loading zone with an access aisle marked with striping in violation of 2010 ADAAG §§209, 209.1, 209.4, 503, 503.1, 503.3 and 503.3.3 and/or §§4.6, 4.6.1, 4.6.3 and 4.6.6 of the 1991 ADA Standards.

---

[1] Effective April 1, 2014 the civil penalties were increased, based on inflation, from $55,000.00 to $75,000.00 for the first violation and from $110,000.00 to $150,000.00 for subsequent violations. *See* 28 C.F.R. §§36 and 85.

26. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 ADA Standards et. seq., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violation found in the General Area of the Men's Restroom:

    a. Failing to provide proper toe clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§306, 306.1, 306.2 and 306.2.1 and/or §§4.24 and 4.24.5 of the 1991 ADA Standards.

27. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 ADA Standards et. seq., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found in the Accessible Stall of the Men's Restroom:

    a. Failing to provide a stall door handle on one or both sides of a stall door as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.

    b. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall (toilet seat cover dispenser) in violation of 2010 ADAAG §§604, 604.5, 604.5.1, 604.5.2, 609, 609.3 and 609.4 and/or §§4.16.4, 4.26 and 4.26.2 of the 1991 ADA Standards.

    c. Providing grab bars of improper horizontal length or spacing on the back or side wall (REAR) in violation of 2010 ADAAG §§604, 604.5, 604.5.1, 604.5.2, 609 and 609.4 and/or §§4.26 and 4.26.2 of the 1991 ADA Standards.

    d. Failing to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation

      of 2010 ADAAG §§606, 606.1, 308 and 308.2.2 and/or §§4.16.6, 4.22.7, 4.27 and 4.27.3 of the 1991 ADA Standards.

e. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7, 604.9.6, 309.4 and/or §4.16.6 of the 1991 ADA Standards.

f. Failing to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§603, 603.2, 603.2.3, 604, 604.3 and 604.3.1 and/or §§4.16, 4.16.2, 4.22 and 4.22.3 of the 1991 ADA Standards.

g. Failing to provide the correct spacing for a forward or parallel approach to an element due to a wall or some other obstruction in violation of 2010 ADAAG §§305 and 306 and/or §4.2.4.1 of the 1991 ADA Standards.

h. Failing to provide the proper insulation or protection for the plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5 and/or §4.24.6 of the 1991 ADA Standards.

i. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3 and/or §§4.19 and 4.19.6 of the 1991 ADA Standards.

28. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 ADA Standards et. seq., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found in the Outdoor Seating Area:

a. Failing to provide seating for a person with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306 and/or §§4.2.4, 4.2.5, 4.32.2 and 4.5 of the 1991 ADA Standards.

b. Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.1, 902, 305 and 306 and/or §5.1 of the 1991 ADA Standards.

29. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 ADA Standards et. seq., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found in the Restroom at the Pool:

a. Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§216, 216.2, 216.6, 216.8, 703, 703.1, 703.2, 703.5 and 703.7.2.1 and/or §§4.30 and 4.30.1 of the 1991 ADA Standards.

b. Failing to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability (toilet seat cover dispenser) in violation of 2010 ADAAG §§606, 606.1, 308 and 308.2.2 and/or §§4.16.6, 4.22.7, 4.27 and 4.27.3 of the 1991 ADA Standards.

c. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall (toilet seat cover dispenser) in violation of 2010 ADAAG §§604, 604.5, 604.5.1, 604.5.2, 609, 609.3 and 609.4 and/or §§4.16.4, 4.26 and 4.26.2 of the 1991 ADA Standards.

    d. Failing to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG §§606, 606.1, 308 and 308.2.2 and/or §§4.16.6, 4.22.7, 4.27 and 4.27.3 of the 1991 ADA Standards.

    e. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7, 604.9.6, 309.4 and/or §4.16.6 of the 1991 ADA Standards.

    f. Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§604, 604.5, 609 and 609.4 and/or §§4.17.6, 4.26 and 4.26.2 of the 1991 ADA Standards.

    g. Failing to provide the proper insulation or protection for the plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5 and/or §4.24.6 of the 1991 ADA Standards.

    h. Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2 and/or §§4.16, 4.17.2 and 4.17.3 of the 1991 ADA Standards.

30. To the best of Plaintiff's belief and knowledge, at the time of filing this lawsuit Defendant has failed to eliminate the specific violations set forth in paragraphs 25, 26, 27, 28 and 29 above.

31. Although Defendant is charged with having knowledge of the violations, Defendant may not have had actual knowledge of said violations until this Complaint made Defendant aware of same.

32. To date, the readily achievable barriers and violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

33. As the owner, lessor, lessee or operator of the Premises, Defendant is required to comply with the ADA. To the extent the Premises, or portions thereof, existed and were occupied prior to January 26, 1992, the owner, lessor, lessee or operator has been under a continuing obligation to remove architectural barriers at the Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

34. To the extent the Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the Premises was under an obligation to design and construct such Premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

35. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 CFR §36.304, Defendant was required to make the Premises, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

36. Plaintiff has retained undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. §12205.

37. The violations alleged in paragraphs 25, 26, 27, 28 and 29 above are readily achievable to modify in order to bring the Premises or the Facility/Property into compliance with the ADA.

38. In the instances where the 2010 ADAAG Standards do not apply to the violations listed in paragraphs 25, 26, 27, 28 and 29 above, the 1991 ADA Standards apply.

39. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including entering an Order to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. This Court declare that the Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

2. This Court enter an Order requiring Defendant to alter the Premises and/or its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. This Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Premises;

4. This Court award reasonable attorneys' fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to Plaintiff; and

5. This Court award such other and further relief as it may deem necessary, just and proper.

Dated: _____11/21/2024_____

                              **Respectfully submitted by:**

                    BY:___*/s/ Jason S. Weiss*_____
                          Jason S. Weiss
                          Jason@jswlawyer.com
                          Florida Bar No. 0356890
                          **WEISS LAW GROUP, P.A.**
                          5531 N. University Drive, Suite 103
                          Coral Springs, FL 33067
                          Tel: (954) 573-2800
                          *Attorneys for Plaintiff*